**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LINET GISELA MENENDEZ, | No. 07-74149 |
| Petitioner, | Agency No. A073-407-443 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 20, 2011[**]
San Francisco, California

Before: HUG and RAWLINSON, Circuit Judges, and RAKOFF, Senior District
Judge.[***]

Linet Gisela Menendez (Menendez), a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' (BIA's) denial of her

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Jed S. Rakoff, Senior District Judge for the U.S.
District Court for the Southern District of New York, sitting by designation.

motion to reopen removal proceedings to apply for asylum and withholding of removal.

By failing to raise the issue in her opening brief, Menendez waived any challenge to the BIA's determination that the second motion to reopen was time-barred, number-barred, and did not meet the exception to the filing requirements as set forth at 8 C.F.R. § 1003.2(c)(3)(ii). *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1260 (9th Cir. 1996) (noting that failure to address issue constitutes waiver); *see also* Fed. R. App. P. 28(a) (listing the requirements for appellants' briefs). This unchallenged ground for the BIA's denial of the motion was an independently adequate basis to support its decision. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (observing that the BIA has broad discretion to grant or deny motions to reopen and listing "at least three independent grounds" that support such a denial) (citation and internal quotation marks omitted); *see also Lin v. Holder*, 588 F.3d 981, 986 (9th Cir. 2009) (holding that to prevail on a motion to reopen, the movant must "clear four hurdles" and that "[f]ailure to meet any one . . . would support the BIA's denial of [the] motion to reopen.") (citation omitted).

**PETITION DENIED.**